UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LINDA GATTE** | **CASE NO. 6:20-CV-00472** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LOWES HOME CENTERS L L C** | **MAGISTRATE JUDGE HANNA** |

## ORDER

Before the Court is Plaintiff's oral motion to require the defendant to take Plaintiff's deposition by video conference. Defendant separately orally moved to compel Plaintiff to attend her deposition in person. (See Rec. Doc. 14). Plaintiff contends that she should not be forced to attend an in-person deposition because she is particularly at risk of suffering from complications due to COVID-19. She submitted medical records indicating that she has been diagnosed with high cholesterol, hypertension, and thyroid disease. She is currently taking multiple medications for these issues. Plaintiff maintains that she can safely be deposed through video conferencing. Defendant contends that it is entitled to take Plaintiff's deposition in person in order to fully evaluate her credibility as a witness and that appropriate precautions would be taken to ensure the safety of all participants. Defendant would also like the ability to show exhibits to Plaintiff as the deposition proceeds.

Litigation in this pandemic era has presented challenges previously unknown to litigants, attorneys, and the courts. Because personal interactions may present grave safety concerns, the Court must carefully consider the risks and benefits of allowing parties to participate in proceedings in person. On one hand, if Plaintiff is forced to attend an in-person deposition, she faces greater risk of suffering from complications if she contracts the virus. According to the Center for Disease Control and Prevention, "adults of any age … might be at an increased risk for severe illness from the virus that causes COVID-19" if they have hypertension. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 30, 2020).

On the other hand, if the parties must proceed by video conference, Defendant risks the inability to fully assess Plaintiff's credibility; however, if the deposition were to proceed in person, the parties would have to wear masks per the mandate of Louisiana's Governor, which could inhibit Defendant's attorney's ability to see Plaintiff's facial expressions and reactions as much as, if not more than, proceeding by video conference. Plaintiff's and participants' safety must outweigh Defendant's right to conduct an in-person deposition in these circumstances, especially when modern technology enables the parties to have meaningful virtual interactions. For instance, video conference software, such as Zoom, allows a deposing attorney to display exhibits in real time through screen sharing. The defendant's screen can also

be focused in on the witness's unmasked face and body for that matter. Thus, the Court finds that Plaintiff, a high-risk individual, cannot be compelled to attend an in-person deposition during the pandemic, where the parties are able to safely conduct a deposition by video conference.

The Court's ruling is in accord with the approach taken by the few other courts which have addressed this issue. See e.g. *Gonzalez v. Irontiger Logistics*, No. 4:18-CV-03454, 2020 WL 6218560, at *2 (S.D. Tex. Oct. 22, 2020) (finding that the plaintiff could not be forced to attend an in-person deposition). See also *SAPS, LLC v. EZCare Clinic, Inc.,* No. CV 19-11229, 2020 WL 1923146, at *2 (E.D. La. Apr. 21, 2020) ("The court hereby holds that, under the present circumstances, the depositions to be taken in this case will satisfy Rule 28's requirement that they be "taken before ... an officer authorized to administer oaths either by federal law or by the law in the place of examination" so long as that officer attends the deposition via the same remote means (*e.g.*, video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.")

Accordingly,

IT IS ORDERED that Plaintiff's oral motion to require the defendant to take Plaintiff's deposition by video conference is GRANTED.

IT IS FURTHER ORDERED that Defendant's oral motion to compel Plaintiff to attend an in-person deposition is DENIED.

Signed at Lafayette, Louisiana on this 30th day of November, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE